UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAUL VIVIRITO, et al.,

    Plaintiffs,

v.

LOUIS C. VIVIRITO,

    Defendant.

Case No. 2:20-cv-00782-JCM-NJK

**ORDER**

[Docket No. 32]

Pending before the Court is the parties' fifth stipulation to extend discovery deadlines. Docket No. 32. The parties request a 30-day extension of discovery deadlines. *Id.* at 4.

A request to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension. LR 26-3; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d at 608–09.[1] The "good cause" inquiry focuses mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

---

[1] The "good cause" standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

1

On March 19, 2021, the Court granted the parties' third request for an extension of discovery deadlines. Docket No. 27. In granting that request, the Court found that the parties had failed to conduct any discovery following the Court's prior order granting the parties' request for an extension of discovery deadlines. *Id.* at 2. As a result, the Court further found that the parties had failed to demonstrate that they have diligently conducted discovery. *Id.* Despite the parties' failure to demonstrate the requisite diligence, the Court granted the parties' request in light of the family matters Plaintiff's counsel, Zoe Terry, had experienced. *Id.*

On April 26, 2021, the parties filed a fourth stipulation to extend discovery deadlines. Docket No. 28. The parties submitted that an additional extension was necessary because Ms. Terry intended to withdraw from this case, and Plaintiff's incoming counsel, Stephen Dixon, required additional time to familiarize himself with the instant case. *Id.* at 5. The Court denied the parties' request without prejudice, finding that the parties had failed to demonstrate that they have diligently conducted discovery. Docket No. 30. Specifically, the Court found that, except for supplemental disclosures propounded by Defendants, the parties had failed to conduct any meaningful discovery following the Court's most recent order granting the parties' request for an extension of discovery deadlines. *Id.* at 2.

The parties now submit that an additional extension of discovery deadlines is necessary because Plaintiff has retained Robert W. Cottle and Matthew G. Holland as counsel. Docket No. 32 at 5. Specifically, the parties submit that Mr. Cottle and Mr. Holland require additional time to familiarize themselves with the case and to conduct additional discovery. *Id.* The parties further submit that "Defendant has also been seeking responses to written discovery that were delayed." *Id.* at 6. However, the parties have failed to conduct any meaningful discovery since the Court granted their request for extension on March 19, 2021. *See id.* at 4–5. The parties, therefore, have failed to demonstrate the diligence required for an extension of discovery deadlines.

Nonetheless, despite the lack of diligence shown, the Court will grant one final extension in the interest of deciding this case on its merits. The parties must complete all outstanding discovery during this time period. **No further extensions will be granted.**

Accordingly, the parties' stipulation, Docket No. 32, is hereby **GRANTED**. The Court **SETS** the following deadlines:

- Amend pleadings/add parties: Closed
- Initial experts: Closed
- Rebuttal experts: May 28, 2021
- Discovery cutoff: June 28, 2021
- Dispositive motions: July 26, 2021
- Joint proposed pretrial order: August 27, 2021[2]

IT IS SO ORDERED.

Dated: May 10, 2021

                                         Nancy J. Koppe
                                         United States Magistrate Judge

---

[2] If dispositive motions are filed, this date will be suspended until 30 days after the dispositive motions are decided or further Court order. *See* LR 26-1(b)(5).